IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GERALD CAMPBELL,**

       **Petitioner,**

**v.**                                 **CIVIL ACTION NO.: 3:23-CV-99 (GROH)**

**WARDEN R. BROWN,**

       **Respondent.**

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to vacate the Petitioner's 248-month[1] or 324-month career offender sentence imposed in the Southern District of Florida, case number 0:03-CR-60220. See ECF No. 1 at 5. Respondent filed a motion to dismiss on May 30, 2023, with a memorandum and exhibits in support thereof. ECF Nos. 13, 13-1 through 13-13. Petitioner filed an objection to the motion to dismiss on July 5, 2023, along with exhibits in support. ECF Nos. 20, 20-1 through 20-6. On July 13, 2023, the Respondent filed a reply, based on the Supreme Court's June 22, 2023, decision in Jones v. Hendrix, 599 U.S. ---, 143 S.Ct. 1857 (2023). ECF No. 21.

---

[1] The Petitioner was initially sentenced to 420 months of incarceration on December 21, 2004, and the judgment was entered on December 29, 2004. S.D.Fla. 0:03-CR-60220, ECF No. 152. The sentence was comprised of 360 months for Petitioner's conviction upon Count One which charged conspiracy to possess with intent to distribute at least 15 kilograms of cocaine, and 60 months as to Count Two, which charged using and carrying a firearm during and in relation to a drug trafficking crime. Id. at 2. The sentences were to be served consecutively. Id.

Following an appeal, an amended judgment was entered on June 23, 2006, and filed with the Clerk on June 27, 2006, which sentenced Petitioner to an aggregate of 324 months, comprised of 264 months as to Count One, and 60 months as to Count Two. S.D.Fla. 0:03-CR-60220, ECF No. 190 at 2. In the instant proceeding Petitioner's description of these sentences alternates between consistent and inconsistent with the court records. ECF Nos. 1 at 2, 5; 1-2 at 1. Despite Petitioner's assertion [ECF No. 1 at 5] that he was subject to a 248-month sentence, no such sentence was imposed.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings where the prisoner appears in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "savings clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. ---, 143 S.Ct. 1857 (2023), that a petitioner cannot use a §

2

2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358 (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of his conviction or sentence. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415,428 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief because the United States Sentencing Guidelines were amended in January 2023, thereby making Petitioner's 324-month Career Offender sentence unconstitutional. ECF No. 1 at 5–6. As relief, the Petitioner requests that the Court release him from "illegal detention." Id. at 9. Further, the Petitioner concedes that the changes to the Guidelines did not establish a new rule of Constitutional law, nor could those changes be considered newly discovered evidence under 28 U.S.C. § 2255(h). Id. at 10.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of

announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, The Respondent's Motion to Dismiss for lack of jurisdiction is **GRANTED** [ECF No. 13], and the Petitioner's § 2241 Petition is **DENIED AND DISMISSED WITHOUT PREJUDICE.** ECF No. 1.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket. The Clerk is further **DIRECTED** to forward a copy of this Order to all counsel of record and to mail a copy to the Petitioner, certified mail, at his last known address, and to all counsel of record by electronic means.

**DATED:** September 11, 2023

*[signature]*
GINA M. GROH
UNITED STATES DISTRICT JUDGE